Nicole **MASON**, Individually and as Next Friend of Ashley Mason, a Minor Child, Plaintiffs,

v.

**UNITED STATES** of America, Anthony Gardea, M.D., and Spectrum Healthcare Services, Defendants.

No. EP–05–CA–191–KC.

United States District Court, W.D. Texas, El Paso Division.

May 15, 2007.

Walter L. Boyaki, John G. Mundie, Miranda & Boyaki, El Paso, TX, for Plaintiffs.

Katherine A. Lehmann, U.S. Attorney's Office, Hadley A. Huchton, Larry W. Hicks, Hicks & Lucky, El Paso, TX, for Defendants.

### ORDER

CARDONE, District Judge.

On this day, the Court considered Defendant Anthony Gardea's "Objection to Plaintiffs' Expert Reports and Motion to Dismiss" ("Motion"). For the reasons set forth herein, the Motion is **DENIED.**

## I. BACKGROUND

The instant case involves a claim by Nicole Mason, individually and as the next friend of her minor daughter Ashley Mason, ("Plaintiffs") against the United States of America ("United States"), Spectrum Healthcare Resources, Inc. ("Spectrum"), and Anthony Gardea, M.D. ("Gardea") for alleged medical negligence.

Defendant United States, by and through the Department of the Army, owns and operates William Beaumont Army Medical Center ("WBAMC") in El Paso, Texas. Pls.' Third Am. Compl. 2 ("TAC"). Defendant Spectrum is a foreign corporation, authorized to do business in the State of Texas, which provides physicians as independent contractors to various medical facilities, including WBAMC. *Id.* At the time Plaintiffs filed suit, Defendant Gardea was one such contract physician providing services for the pediatric department at WBAMC. *Id.*

On June 22, 2002, Plaintiff Nicole Mason gave birth to a daughter, Plaintiff Ashley Mason, by caesarian section. *Id.* at 3. Plaintiff Nicole Mason and her doctors chose to deliver Plaintiff Ashley Mason via caesarian section because while *in utero,* she was in breech position with legs fully flexed. *Id.* As a result of this fetal position, Plaintiff Ashley Mason had a high risk of developing hip dysplasia, a condition where the femoral head is located outside the hip pocket. *Id.*

During her infancy, Plaintiff Ashley Mason received regular pediatric check-ups and care for occasional illness. *Id.* As part of these check-ups, she received numerous evaluations of the hips and lower extremities. *Id.* On or about July 8, 2002, August 20, 2002, October 22, 2002, December 12, 2002, February 7, 2003, and June 9, 2003, Plaintiff Ashley Mason received evaluations from Defendant Gardea. *Id.*

On May 19, 2005, Plaintiffs filed an Original Complaint against Defendant United States alleging medical negligence. On September 6, 2006, Plaintiffs filed a Second Amended Complaint adding Defendants Spectrum and Gardea as defendants. On October 20, 2006, Plaintiffs filed a Third Amended Complaint against all three defendants, alleging medical negligence.

On November 17, 2006, Plaintiffs and Defendant Gardea entered into an agreement that "[t]he due date for Plaintiff's [sic] expert report and curriculum vitae required under Tex. Civ. Prac. & Rem. Code § 74.351(a) is January 4, 2007." Objections to Pls.' Expert Reports and Mot. to Dismiss of Def. Anthony Gardea, M.D. ("Def.'s Mot."), Ex. 1. On December 19, 2004, Plaintiffs served Defendant Gardea with the following: (1) December 15, 2006 Report of Jeff Cartwright, M.D., (2) February 13, 2006 Report of Jeff. Cartwright, M.D., (3) June 3, 2006 Report of Jeff Cartwright, M.D., (4) April 21, 2006 Report of Dale Alverson, (5) February 21, 2006 Report of John Allen, M.B., B.S., J.D., F.R.C.S., and (6) the curricula vitae of Drs. Cartwright, Alverson, and Allen. Def.'s Mot., Exs. A1–5, B1–3.

On December 8, 2006, Defendant Gardea moved, unopposed, to abate the proceed-

ings pursuant to Texas Civil Practices and Remedies Code § 74.051(a), and on December 11, 2006, this Court ordered the instant suit abated for sixty days. Notwithstanding the abatement, Defendant Gardea filed the instant Motion on January 9, 2007.

## II. DISCUSSION

### A. Standard

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. FED.R.CIV.P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true, and view them in a light most favorable to the plaintiff. *Id.; Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir.2002). A court will dismiss a complaint pursuant to Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *S. Christian Leadership Conference v. Supreme Court of La.*, 252 F.3d 781, 786 (5th Cir.2001).

When matters outside the pleadings are considered, a motion to dismiss pursuant to Rule 12(b)(6) must be treated as a motion for summary judgment, with Rule 56's requirements of notice and an opportunity to respond. FED.R.CIV.P. 12(b); *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 283 (5th Cir.1993); *see Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 539 (5th Cir.2003) (noting that district court should have converted the motion to dismiss into a motion for summary judgment because it considered evidence external to the pleadings).

A summary judgment movant must show by affidavit or other evidence that there is no genuine issue regarding any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To establish that there is no

genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the nonmoving party's claim or defense, or, if the crucial issue is one for which the nonmoving party will bear the burden of proof at trial, merely point out that the evidence in the record is insufficient to support an essential element of the nonmovant's claim or defense. *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir.1990). Once the movant carries the initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *See Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir.1991).

Summary judgment is required if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548. In order for a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the nonmovant, or, in other words, that the evidence favoring the nonmovant is insufficient to enable a reasonable jury to return a verdict for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 4, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### B. Applicability of § 74.351 in Federal Court

Defendant Gardea first argues that the Court should dismiss Plaintiffs' case against him because Plaintiffs' expert reports fail to comply with the Texas Medical Liability Act, Texas Civil Practice and Remedies Code § 74.351 (" § 74.351"). Def. Gardea's Mot. ¶ 1. He challenges the

sufficiency of each individual report under the MLA, and then argues that none of the Plaintiffs' experts are qualified to render an opinion on the applicable standard of care relevant to the instant case. *Id.* ¶¶ 10–17. Finally, Defendant Gardea argues that any argument that § 74.351 does not apply in federal court is inconsistent with Plaintiffs' actions. Reply in Support of Objections to Pls.' Expert Reports and Mot. to Dismiss of Def. Anthony Gardea, M.D. 1 ("Reply").

Plaintiffs respond by arguing that § 74.351 and its expert report requirements do not apply in this case because they are preempted by the Federal Rules of Civil Procedure. Pls.' Resp. in Opp'n to Def. Gardea's Mot. to Dismiss 2 ("Pls.' Resp."). Plaintiffs distinguish the instant case from this Court's earlier case of *Cruz v. Chang,* 400 F.Supp.2d 906 (W.D.Tex. 2005), arguing that the instant case is in federal court because of federal question jurisdiction, rather than diversity jurisdiction, and that only Defendant Gardea is in federal court under supplemental jurisdiction. *Id.* at 5. Plaintiffs further argue that to apply state law requirements to Defendant Gardea while applying federal law requirements to Defendant United States would result in disparate timing for production, expert reports, content, and sanctions. *Id.* Finally, Plaintiffs argue that the expert reports of Drs. Alverson, Cartwright, and Allen constitute an objective, good faith effort to comply with the requirements of an expert report under § 74.351(r)(6), and that each doctor is qualified to render an expert opinion. *Id.* at 8.

Defendant United States joins Plaintiffs in arguing that § 74.351 does not apply in the instant case. Def. United States' Resp. to Def. Anthony Gardea's, M.D. Objections to Pl.'s Expert Reports and Mot. to Dismiss 1 ("Def. United States' Resp.").

It further joins Plaintiffs in arguing that *Cruz* is distinguishable from the instant suit, because it was a diversity jurisdiction suit involving solely private litigants, rather than a federal question suit brought against the United States of America and a private physician, as in *Poindexter v. Bonsukan,* 145 F.Supp.2d 800 (E.D.Tex.2001). *Id.* at 3. Defendant United States argues that since § 74.351 took effect, which was after the *Cruz* decision, every federal district court in Texas to consider whether § 74.351 applies in federal proceedings has found that it does not. *Id.* Finally, Defendant United States argues that § 74.351 is in direct collision with Federal Rules of Civil Procedure 26(a)(2)(B), 26(a)(2)(C) and 37(c)(1), and thus the Federal Rules must be applied. *Id.*

This Court first addressed this issue in *Cruz v. Chang,* 400 F.Supp.2d 906 (W.D.Tex.2005). In *Cruz,* this Court addressed the applicability of former section 13.01 of article 4590i of Texas Revised Civil Statutes, the predecessor to the statute at issue, to a medical malpractice suit in federal court on diversity jurisdiction. *Cruz,* 400 F.Supp.2d at 911. This Court held that former section 13.01 did not directly collide with Federal Rules of Civil Procedure 26 and 37 and formed part of a comprehensive scheme governing the plaintiff's substantive rights in state court. *Id.* at 915. As a result, this Court held that section 13.01 was "substantive for *Erie* purposes," applied in federal court, and barred the plaintiff's claims. *Id.*

Effective September 1, 2003, the Texas Legislature amended the Texas Revised Civil Statutes in order to: (1) rearrange the statutes into a more logical order; (2) employ a format and numbering system designed to facilitate citation of the law and accommodate future expansion of the law; (3) eliminate repealed, duplicative, unconstitutional, expired, executed, and

other ineffective provisions; and (4) restate the law in modern American English. TEX. CIV. PRAC. & REM.CODE ANN. § 1.001 (Vernon 2006). As part of these amendments, the Texas Legislature made procedural and substantive changes to the law governing expert reports in medical malpractice cases. 6–92 DORSANEO, TEX. LITIG. GUIDE § 91.01 (2007). For example, although former section 13.01 and § 74.351 both require that a claimant asserting a health care liability claim file an expert medical report in support of his or her claim within a specified period of time, § 74.351 removed the provisions allowing a cost bond or cash deposit, included a savings clause regarding its applicability, reduced the deadline for filing an expert report, and removed the court's ability to extend the time period for filing an expert report. *See Park v. Lynch,* 194 S.W.3d 95, 99 (Tex.App.2006) (cost bonds, cash deposit, and savings clause); *Williams v. Keck,* 2005 WL 3499439, at *2, 2005 Tex.App. LEXIS 10633, at *5 (Tex.App. Dec. 21, 2005) (reduced deadline, bond, and court's ability).

Every district court within Texas to consider whether the new § 74.351 applies in federal court has held that it does not. *See, e.g., Toler v. Sunrise Senior Living Servs.,* 2007 WL 869581, at *4, 2007 U.S. Dist. LEXIS 23720, at *12 (W.D.Tex. Mar. 21, 2007) (X.Rodriguez); *Sauceda v. Pfizer, Inc.,* 2007 WL 87660, at *2, 2007 U.S. Dist. LEXIS 1600, at *5–7 (S.D.Tex. Jan. 9, 2007) (J. Graham Jack); *Beam v. Nexion Health Mgmt., Inc.,* 2006 WL 2844907, at *9 (E.D.Tex. Oct. 2, 2006) (L.Davis); *Hall v. Trisun,* 2006 WL 2329418, at *1, 2006 U.S. Dist. LEXIS 59005, at *1 (W.D.Tex. Aug. 1, 2006) (O.Garcia); *Wakat v. Montgomery County,* 2006 WL 1469669, at *3–4 (S.D.Tex. May 23, 2006) (G.Miller); *Baker v. Bowles,* 2005 U.S. Dist. LEXIS 32942, at *36–38 (N.D.Tex. Dec. 14, 2005) (I. Carrillo Ramirez); *Garza v. Scott &*

*White Mem. Hosp.,* 234 F.R.D. 617, 623 (W.D.Tex.2005) (S.Sparks); *Brown v. Brooks,* 2005 WL 1515466, at *6–8 (S.D.Tex. June 23, 2005) (B.J.Ellington); *Nelson v. Myrick,* 2005 WL 723459, at *13 (N.D.Tex. Mar. 29, 2005) (A.J.Fish). For example, in *Garza,* Judge Sparks cited four reasons why the new § 74.351 is in direct collision with the Federal Rules and thereby does not apply in federal court: (1) the mandatory sanction schemes imposed by § 74.351 completely remove the court's discretion with respect to the imposition of Rule 11 sanctions for filing frivolous claims; (2) although former section 13.01 made expert reports unavailable for use at trial, depositions, or other proceedings, § 74.351 removes these restrictions as soon as the plaintiff makes an affirmative use of the report; (3) § 74.351's requirement that discovery be stayed until the plaintiff's expert reports have been filed is in "direct and unambiguous conflict with the federal rules, which plainly tie the opening of discovery to the timing of the Rule 26(f) conference;" and (4) one of the purposes of § 74.351—namely the provision of notice to defendants—invades the province of Rule 26, which is also designed to provide notice to defendants. *Garza,* 234 F.R.D. at 623. Other courts similarly hold that § 74.351's rigid requirements regarding disclosure and sanctions must yield to the disclosure and sanction schemes provided by Federal Rules 26 and 37. *Sauceda,* 2007 WL 87660, at *2–3, 2007 U.S. Dist. LEXIS 1600, at *6–8; *Beam,* 2006 WL 2844907, at *1–3, 2006 U.S. Dist. LEXIS 71732, at *3–9.

In light of the recent change in law and the persuasive reasons provided by every district court in Texas to consider this issue, the Court holds that § 74.351 does not apply in federal court. To the extent Defendant Gardea argues that Plaintiffs should be estopped from arguing that

§ 74.351 does not apply in federal court, such argument is without merit. Defendant Gardea provides no case law in support of this position and this Court fails to see how Plaintiff's actions in this case could possibly dictate the application of law. Accordingly, Defendant Gardea's Motion is denied.

## III. CONCLUSION

Defendant Gardea's Motion (Doc. No. 52) is hereby **DENIED**.

**SO ORDERED.**