# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-11212
Summary Calendar

LARRY CHAPMAN

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
No. 4:06-CV-426

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

*Pro se* Plaintiff-Appellant Larry Chapman appeals the district court's grant of summary judgment in favor of Defendant-Appellee United States ("Government") on Chapman's Federal Tort Claims Act ("FTCA") claim. Chapman argues the Government negligently failed to obtain written consent for his leg amputation. Because Chapman fails to show that a reasonable person

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

would have refused medical treatment despite the risks inherent in the decision, we affirm.

Chapman, a federal prisoner, filed a complaint pursuant to the FTCA[1] alleging that the Government (via the Federal Bureau of Prisons) failed to provide appropriate medical treatment for his left leg, resulting in amputation. The Government moved for summary judgment, arguing that because Chapman did not designate an expert witness, he would have no evidence to prove the essential elements of his medical malpractice claim. The district court granted the motion, finding that it could not ascertain the standard of care, or any breach of that care, without expert testimony. The district court further held that even if it considered Chapman's argument that he failed to consent to his amputation (raised for the first time in response to summary judgment), Texas law still requires expert testimony regarding the applicable standards of care. Chapman now appeals.

We review a grant of summary judgment *de novo* and affirm the district court if the pleadings and evidence show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett.*, 477 U.S. 317, 322-23 (1986). The moving party bears the burden of establishing that there are no genuine issues of material fact. *Id.* However, if the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *Id.* at 325; *see also Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910

---

[1] Chapman also initially raised claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. §§ 1983, 1985, and 1986. The district court previously dismissed all claims except the FTCA claim, and Chapman does not appeal this decisions.

F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

The FTCA permits "civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable." *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003). In FTCA cases, the federal courts rely on the substantive law of the state where the alleged wrongful acts occurred. *See* 28 U.S.C. § 1346(b)(1); *Johnson v. Sawyer*, 47 F.3d 716, 727 (5th Cir. 1995) (en banc). Here, because the alleged medical malpractice occurred in Fort Worth, Texas, Texas law applies.

Under Texas law, Chapman asserts a medical malpractice claim, arguing that the appropriate standard of medical care would not foreclose his right to refuse amputation, regardless of the risk involved, and that the Government breached that standard by failing to obtain his explicit consent to the procedure.[2] "The failure of a doctor to fully inform a patient of the risks of surgery is a negligence cause of action." *McKinley v. Stripling*, 763 S.W.2d 407, 409 (Tex. 1989); *see also* TEX. CIV. PRAC. & REM. CODE § 74.101 (stating that for failure-to-consent suits, "the only theory on which recovery may be obtained is that of negligence in failing to disclose the risks or hazards that could have influenced a reasonable person in making a decision to give or withhold consent"). As with any negligence cause of action, to establish liability against the Government for failure to obtain consent to amputate, Chapman must show "a duty, a breach of that duty, [that] the breach was a proximate cause of injuries, and that damages occurred." *McKinley*, 763 S.W.2d at 409.

---

[2] Medical records at the time of the amputation note that Chapman "was counseled regarding [] his disease and initially was resistant to the fact that he would need [above-knee amputation] but following discussions with several physicians consented to the [amputation]." However, there is no evidence of written consent in the record.

Although Chapman arguably could establish the other elements, he cannot establish proximate cause, namely, that the Government's breach of the duty to obtain informed consent prior to amputation was the proximate cause of his injuries. Under Texas law, proximate cause in a failure-to-consent action is established only if "a reasonable person, not a particular plaintiff, would [not] have consented to the treatment or procedure had he been fully informed of all inherent risks which would influence his decision." *McKinley*, 763 S.W.2d at 410. If a reasonable person *would* consent to the procedure despite the risks and hazards, the patient cannot establish "injury" from the procedure. Chapman has not shown that a reasonable person would have refused amputation of the left leg after being fully informed of the risks inherent in the decision. Chapman arrived in prison with a history of coronary artery disease, quadruple coronary artery bypass surgery, hypertension, type II diabetes mellitus, elevated cholesterol, peripheral vascular disease, and back surgery, none of which improved while he was incarcerated. Furthermore, he refused to follow physicians' advice regarding diet and smoking. At the time of amputation, Chapman's leg was suffering from a severely diminished blood supply. Skin grafts from a prior surgical procedure had come off and the leg was cold with black spots, indicating early gangrene. Given the severity of his injury and the lack of other available treatment options, Chapman has not shown that a reasonable person would have refused amputation despite the risks inherent in the decision.

Moreover, Chapman did not file an expert report to support his malpractice claim. TEX. CIV. PRAC. & REM. CODE § 74.351 states that "[i]n a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports." A "health care liability claim" is

4

a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

TEX. CIV. PRAC. & REM. CODE § 74.001(a)(13). As Chapman is claiming that the Government departed from "accepted standards of medical care" that proximately resulted in his injury, he was required to file an expert report in this case. *See Murphy v. Russell*, 167 S.W.3d 835, 838 (Tex. 2005) (requiring an expert report in a lack-of-consent case and noting "the Legislature intended health care liability claims to be scrutinized by an expert or experts before the suit can proceed"). Because Chapman failed to meet this threshold requirement for his lawsuit, the district court properly dismissed his case.

The Government argues in the alternative, and for the first time on appeal, that this court lacks subject matter jurisdiction to hear this case because lack of consent to a medical procedure under Texas law can be pled as a battery, see *Murphy*, 167 S.W.3d at 838, which would be barred in this suit because the United States has not waived its sovereign immunity with respect to battery claims asserted against non-law enforcement personnel. 28 U.S.C. § 2680(h). However, TEX. CIV. PRAC. & REM. CODE § 74.101 notes that in a health care liability claim based on a failure to disclose, "the only theory on which recovery may be obtained is that of *negligence* in failing to disclose the risks or hazards that could have influenced a reasonable person in making a decision to give or withhold consent" (emphasis added). Given the language of the statute, a Texas plaintiff may be barred from pleading a battery cause of action in a failure-to-disclose claim. The Texas Supreme Court did not reach this issue in *Murphy*. And unlike the plaintiff in Murray, Chapman does not allege a battery cause of

action in his complaint. Accordingly, we decline to reach the issue of whether a battery cause of action still exists in Texas health care liability claims based on a failure to disclose, and we AFFIRM the district court's decision for the reasons noted above.

Additionally, Chapman has filed a Motion for Leave to File Reply Brief Out of Time. Chapman's motion presents no compelling reason for this court to permit his untimely filing of his reply brief. "The court greatly disfavors all extensions of time for filing reply briefs. The court assumes that the parties have had ample opportunity to present their arguments in their initial briefs and that extensions for reply briefs only delay submission of the case to the court." 5th Cir. R. 31.4.4. Accordingly, Chapman's motion is DENIED.