**Victor PRENTICE, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**Civil Action No. 5:12–CV–126–C.**

United States District Court, N.D. Texas, Lubbock Division.

July 11, 2013.

Victor Prentice, Sudan, TX, pro se.

Brian Walters Stoltz, Fort Worth, TX, for Defendant.

## ORDER

SAM R. CUMMINGS, District Judge.

Came on for consideration the following:

(1) Motion to Dismiss, and Brief in Support, of the United States, filed March 11, 2013;

(2) Motion to Dismiss, and Brief in Support, of the Department of Veterans Affairs, filed March 11, 2013; and

(3) Plaintiff's Amended Response, filed March 29, 2013.

Plaintiff, Victor Prentice ("Prentice"), proceeding *pro se*, filed a lengthy complaint listing the United States as the defendant and a series of agencies, departments, individuals, and entities as "co-defendants." After Prentice sought *in forma pauperis* status, the Court screened the original complaint and issued an order requiring Prentice to file an amended pleading. The Court explained that "[w]hile Plaintiff is ostensibly attempting to state a claim for medical malpractice and a deprivation of his civil rights, the Court is at a loss as to which claims Plaintiff contends implicate which defendants and which of the many—sometimes incoherent—facts that Plaintiff alleges support each claim with regard to each Defendant." Ct.'s August 24, 2012 Order. The Court ordered Prentice to identify, among other things, the specific acts or omissions of each Defendant implicated in each cause of action and to explain how the conduct at issue allegedly would be actionable.

Thereafter, Prentice filed an amended complaint. Although the amended complaint is shorter than the original one, it still failed to clarify the specifics of Prentice's alleged claims in any meaningful way. The Court then sent Prentice a questionnaire seeking to elicit specific explanations from him about his claims as to each entity or individual referenced as a potential defendant. Prentice was directed to state concisely the cause of action alleged and the specific facts relevant to each Defendant, including dates and locations.

On receiving Prentice's response to the questionnaire, the Court issued an Order noting that Prentice "still has not clearly described the facts in support of his claim." Ct.'s November 15, 2012 Order. The Court allowed Prentice to proceed *in forma pauperis* and ordered service on the United States and the Department of Veterans Affairs ("VA"), but also specifically "reserve[d] the right to dismiss Plaintiff's claims at any time. . . ." *Id.*

As best the Court can discern, Prentice's allegations appear to fall into two broad

categories: (1) issues relating to medical care and alleged medical malpractice and (2) alleged civil rights violations relating to "Church activities." For each category, however, Prentice has not provided a clear explanation in support of the alleged claims and has not set forth facts showing any entitlement to relief under a cognizable legal theory. Accordingly, dismissal is appropriate.

■ As an initial matter, the Court is without jurisdiction to entertain Prentice's claims against the VA. With regard to his claims under the FTCA, these claims may be brought against the United States only, not its agencies or employees. 28 U.S.C. § 2671, 2679(a), b(1) (providing that the FTCA does not authorize suits against federal agencies and that the FTCA is the exclusive remedy with respect to injuries caused by federal employees acting within the scope of their employment); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir.1988) ("Thus, an FTCA claim against a federal agency or employees as opposed to the United States itself must be dismissed for want of jurisdiction."). Accordingly, jurisdiction is lacking for any malpractice claim against the VA.

■ Additionally, to the extent Prentice is seeking to challenge any denial by the VA of a request for fee-basis care, jurisdiction is likewise absent. By statute, a veteran may request that the VA arrange for fee-basis care from non-VA facilities if VA facilities "are not capable of furnishing economical hospital care or medical services because of geographical inaccessibility or are not capable of furnishing the care or services required." 38 U.S.C. § 1703(a). Prentice states that the VA has denied his requests for fee-basis care and asks the Court to order the VA to

approve the requests. Under 38 U.S.C. § 511, the Secretary of Veterans Affairs has responsibility for decisions to grant or deny benefits, and district courts are not a part of that process. *See Zuspann v. Brown*, 60 F.3d 1156, 1158–59 (5th Cir. 1995). Because the Court is without jurisdiction to hear Prentice's claims against the VA, these claims should be dismissed.

■ Next, invoking the FTCA, Prentice pleads claims for medical malpractice against the United States. Under the doctrine of sovereign immunity, the United States cannot be sued without its consent. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). The FTCA is a limited waiver of that sovereign immunity, and accordingly the limitations of the statute must be strictly construed in favor of the government. *See Lane v. Pena*, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996); *Houston v. U.S. Postal Serv.*, 823 F.2d 896, 902 (5th Cir. 1987). One of the important limitations placed on the waiver of sovereign immunity is that the United States may only be liable if a similarly situated private individual would be subject to liability. 28 U.S.C. § 1346(b)(1). (The government may be liable under the FTCA "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."). The situs of the alleged wrongs at issue is Texas.

The United States is entitled to dismissal of Prentice's medical claims because he has not complied with applicable Texas law requiring the submission of a threshold expert report. Under Texas Civil Practice & Remedies Code § 74.351(a), any plaintiff bringing a "health care liability claim" [1]

---

**1.** A "health care liability claim" includes any     claim against a health care provider for negli-

must submit an expert report no later than 120 days after filing suit. This report must set forth an expert's opinion of the "applicable standards of care, the manner in which the care ... failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." § 74.351(r)(6). If no threshold expert report is timely served, dismissal is required. § 75.351(b)(2).

The Court notes that the law is unsettled in this circuit as to whether Texas Civil Practice & Remedies Code § 74.351(a) applies in federal court. The Fifth Circuit, in *Chapman v. United States,* held, albeit in dicta, that dismissal of a medical malpractice claim was proper when the plaintiff failed to comply with the statute. 353 Fed.Appx. 911, 913–14 (5th Cir.2009) (affirming the district court's dismissal of plaintiff's medial malpractice claim against the United States for failing to file an expert report required by Texas Civil Practice & Remedies Code § 74.351(a)) (unpublished). The case of *Garland Dollar General v. Reeves Development* is also persuasive. 3:09–cv–0707–D, 2010 WL 4259818, 2010 U.S. Dist. LEXIS 112180 (N.D.Tex. Oct. 21, 2010). In a well-reasoned opinion, the court held that a similar certificate-of-merit provision under Texas law, Texas Civil Practice & Remedies Code § 150.002(a), does not conflict with federal law and would significantly affect the outcome of the case. *Id.* at *5–7, 2010 U.S. Dist. LEXIS 112180 at *20–26. Therefore, the Court concluded that the certificate-of-merit provision is substantive law and applied it in the case, dismissing plaintiff's cause of action for failing to make the proper filing. *Id.* at *6–7, 2010 U.S. Dist. LEXIS 112180 at *25–26.

■ The Court is of the opinion that Texas Civil Practice & Remedies Code § 74.351(a) does not conflict with federal law and the application of the provision would significantly affect the outcome of the instant case. Therefore, the provision applies here. Prentice has not filed a threshold expert report, and more than 120 days have passed since he filed this case.[2] As such, Prentice's medical malpractice claims should be dismissed.

■■ Finally, Prentice asserts that he is suing for violations of "civil rights and entitlements as a U.S. Citizen and Disabled Veteran," citing 42 U.S.C. §§ 1983 and 1985(c), but neither statute provides a viable basis for any civil rights claim. Section 1983 applies to persons acting under color of state law and does not permit claims against federal agencies or federal officials acting under color of federal law. *See Resident Council of Allen Parkway Village v. U.S. Dep't of Hous. & Urban Dev.,* 980 F.2d 1043, 1053 (5th Cir.1993). Section 1985(3) is likewise inapplicable, as this statute was passed as part of the Ku

---

gence; therefore, this provision applies to Prentice's allegations relating to his medical treatment. Tex. Civ. Prac. & Rem.Code § 74.001(a)(13).

**2.** Prentice filed a motion for waiver, which the Court liberally construes as an effort to be excused from filing an expert report due to his limited funds. However, Prentice does not cite, and the Court is unaware, of any authority excusing an indigent plaintiff from making the requisite filing. *See* Tex. Civ. Prac. & Rem.Code § 74.351(b) ("If ... an expert report has not been served within [120 days after the date the original petition was filed], the court ... *shall* ... dismiss the claim ... with prejudice to the refiling of the claim."); *see also Soberon v. Robinson,* No. 09–06–067, 2006 WL 1781623, at *2–3, 2006 Tex.App. LEXIS 5666, at *8–9 (Tex.App.-Beaumont 2006, pet. denied) (holding that the trial court abused discretion when it denied a motion to dismiss after claimant failed to serve expert report on defendant physician within 120 days after the date the claim was filed).

Klux Klan Act of 1871 to protect individuals from race-based conspiracies aimed at depriving them of their civil rights and has no relevance to Prentice's allegations. *See Eitel v. Holland,* 787 F.2d 995, 1000 (5th Cir.1986).

■ Even liberally construing the pro se pleadings as alleging a claim under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), Prentice still has not alleged facts that would support liability. He states that he is an Orthodox Catholic Bishop and seeks to remove certain unspecified information from his patient records pertaining to visits by hospital chaplains. But Prentice does not identify any specific constitutional or other federal right infringed under this scenario. Thus, Prentice has failed to state a claim for the violation of his civil rights.

Prentice also attempts to allege claims pertaining to his medical treatment against apparent non-governmental employees. With the dismissal of his federal claims, the Court does not have independent subject-matter jurisdiction over this action and declines to exercise supplemental jurisdiction over Prentice's state-law claims. *Enochs v. Lampasas Cnty.,* 641 F.3d 155, 161 (5th Cir.2011) (quoting *Parker & Parsley Petroleum Co. v. Dresser Indus.,* 972 F.2d 580, 585 (5th Cir.1992)) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed."); *see also* 28 U.S.C. § 1915(e)(2) (court may *sua sponte* dismiss a case in which plaintiff is proceeding *in forma pauperis* at any time). Therefore, Prentice's claims against Defendants Dr. Ronald Ford, Baptist Saint Anthony Hospital, and Dr. Richard Archer, Jr., should be dismissed without prejudice.

■ Normally the Court affords a plaintiff an opportunity to amend his complaint after determining that the pleadings fail to state a claim. However, Prentice has already amended his complaint after the Court noted its deficiencies, and he responded to the Court's questionnaire, the responses to which are incorporated into the pleadings. Therefore, Prentice has had ample opportunity to plead his best case and has still fallen short of stating any viable claim. As such, his claims should be dismissed without Prentice being given the opportunity to re-plead.

For the reasons stated herein:

(1) Defendant Department of Veterans Affairs' Motion to Dismiss is **GRANTED;**

(2) Defendant United States of America's Motion to Dismiss is **GRANTED;**

(3) Prentice's claims against the Department of Veterans Affairs pertaining to his medical care and the denial of his request for fee-basis care are **DISMISSED** without prejudice;

(4) Prentice's claims against Defendants Dr. Ronald Ford, Baptist Saint Anthony Hospital, and Dr. Richard Archer, Jr. are **DISMISSED** without prejudice;

(5) all remaining claims are **DISMISSED** with prejudice; and

(6) all motions not granted are **DENIED.**

SO ORDERED.