# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2016

Lyle W. Cayce
Clerk

No. 15-10358

ROBERT LEROY PASSMORE, III, Individually and as Next Friend of M. P. and A. P., minors; KELLY PASSMORE,

   Plaintiffs - Appellants

v.

BAYLOR HEALTH CARE SYSTEM, doing business as Baylor Medical Center of Plano; BAYLOR REGIONAL MEDICAL CENTER OF PLANO; KIMBERLY MORGAN, APN,

   Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas

Before DAVIS, BARKSDALE, and DENNIS, Circuit Judges.

JAMES L. DENNIS, Circuit Judge:

Section 74.351 of the Texas Civil Practice and Remedies Code requires plaintiffs in health care liability cases to serve an expert report within 120 days after the filing of a defendant's original answer. Robert Passmore and his wife brought this health care liability suit against Baylor Health Care System, Baylor Regional Medical Center of Plano, and nurse Kimberly Morgan to recover damages for injuries that Mr. Passmore suffered as a result of undergoing two back surgeries at Baylor Regional Medical Center. The Passmores filed their suit in federal court under the court's bankruptcy

jurisdiction. Following limited discovery, the defendants moved to dismiss because the Passmores had failed to serve an expert report in accordance with section 74.351's requirements, and the district court ultimately accepted their position and dismissed the case with prejudice. The main issue on appeal is whether section 74.351 applies in federal court. We hold that it does not and therefore reverse and remand.

# I

## A

Section 74.351 of the Texas Civil Practice and Remedies Code requires a plaintiff who has brought a "health care liability claim" to serve on each defendant "not later than the 120th day after the date each defendant's original answer is filed . . . one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted."[1] TEX. CIV. PRAC. & REM. CODE § 74.351(a).

According to the Supreme Court of Texas, a section 74.351 threshold expert report serves two functions: (1) to "inform the defendant of the specific conduct the plaintiff has called into question"; and (2) to "provide a basis for the trial court to conclude that the claims have merit." *Certified EMS, Inc. v. Potts*, 392 S.W.3d 625, 630 (Tex. 2013) (citation and internal quotation marks omitted). Two additional provisions of the Texas statute allow defendants to enforce its expert report requirement and to avoid incurring litigation costs in connection with frivolous claims. First, the statute mandates the stay of most discovery in the case pending the filing of the required expert report.

---

[1] This report must provide "a fair summary of the expert's opinions . . . regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." TEX. CIV. PRAC. & REM. CODE § 74.351(r)(6).

No. 15-10358

§ 74.351(s), (u).[2]  Second, upon a defendant's motion, if the plaintiff fails to timely serve the required expert report, the statute instructs courts to dismiss the claim with prejudice and award attorney's fees and costs to the defendant. § 74.351(b).

No binding precedent deals with section 74.351's applicability in a federal court applying substantive state law.  In one, unpublished opinion, this court has applied section 74.351 as an alternative ground for affirming the district court's dismissal of a medical malpractice suit, but the court did not analyze whether the statute applies in federal court.  *See Chapman v. United States*, 353 F. App'x 911, 913-14 (5th Cir. 2009).  Of the numerous district courts in this circuit to have considered this issue, an overwhelming majority has held that section 74.351 is procedural state law that does not apply in federal court.[3]  These courts have generally found that section 74.351 conflicts

---

[2] Section 74.351(s) limits pre-expert report discovery to the claimant's acquisition of information related to the patient's health care through: (1) written discovery, (2) depositions on written questions, and (3) discovery from nonparties.  Section 74.351(u) further restricts the number of depositions available under subsection (s) to no more than two.  *In re Huag*, 175 S.W.3d 449, 456 (Tex. App. 2005).  Section 74.351's stay of discovery is one major addition to the mandates of its predecessor, former article 4590i, section 13.01 of Texas Revised Civil Statutes, which did not entitle defendants to a stay of discovery.  *See* TEX. REV. CIV. STAT. 4590i §13.01 (repealed 2003).

[3] *Compare Bunch v. Mollabashy*, No. 3:13-CV-1075-G BH, 2015 WL 1378698, at *9 (N.D. Tex. Mar. 26, 2015); *Milligan v. Nueces Cty., Tex.*, No. CIV. A. C-08-118, 2010 WL 2352060, at *3 (S.D. Tex. June 9, 2010); *Garcia v. LCS Corr. Servs., Inc.*, No. CIV. A. C-09-334, 2010 WL 2163284, at *5 (S.D. Tex. May 24, 2010); *Basco v. Spiegel*, No. CIV. A. 08-0468, 2009 WL 3055319, at *1-2 (W.D. La. Sept. 21, 2009); *Guzman v. Mem'l Hermann Hosp. Sys.*, No. CIV. A. H-07-3973, 2008 WL 5273713, at *14-15 (S.D. Tex. Dec. 17, 2008); *Mason v. United States*, 486 F. Supp. 2d 621, 625 (W.D. Tex. 2007); *Toler v. Sunrise Senior Living Servs., Inc.*, No. CIV. A. SA-06-CV-0887-XR, 2007 WL 869581, at *4 (W.D. Tex. Mar. 21, 2007); *Hawkins v. Wadley Reg'l Med. Ctr.*, No. 5:05-CV-154, 2006 WL 5111117, at *1 (E.D. Tex. May 18, 2006); *Hall v. Trisun*, No. CIV. A. SA-05-CA-0984 OG NN, 2006 WL 1788192, at *3-4 (W.D. Tex. June 23, 2006) *report and recommendation adopted*, No. SA 05 CA 984 OG, 2006 WL 2329418 (W.D. Tex. Aug. 1, 2006); *Beam v. Nexion Health Mgmt., Inc.*, No. 206 CV 231, 2006 WL 2844907, at *1-3 (E.D. Tex. Oct. 2, 2006); *Garza v. Scott & White Mem'l Hosp.*, 234 F.R.D. 617, 621-23 (W.D. Tex. 2005); *Brown v. Brooks Cty. Det. Ctr.*, No. C.A. C-04-329, 2005 WL 1515466, at *2 (S.D. Tex. June 23, 2005); *Redden v. Senior Living Properties, L.L.C.*, No. CIV. A. 104-CV-125-C, 2004 WL 1932861, at *3 (N.D. Tex. Aug. 27, 2004);

No. 15-10358

with Federal Rules of Civil Procedure 26 and 37 because its application would interfere with the federal discovery scheme and deprive the courts of discretion in their control of timing and sanctions for noncompliance. *See*, *e.g.*, *Bunch v. Mollabashy*, No. 3:13-CV-1075-G BH, 2015 WL 1378698, at \*9 (N.D. Tex. Mar. 26, 2015); *Beam v. Nexion Health Mgmt., Inc.*, No. 206 CV 231, 2006 WL 2844907, at \*1-3 (E.D. Tex. Oct. 2, 2006).

## B

In late 2011 and early 2012, Robert Passmore underwent two back surgeries at Baylor Regional Medical Center in Plano, Texas. The Passmores contend that the two surgeries caused permanent damage to Mr. Passmore's spine, rendering him completely disabled.

The Passmores sued the Baylor entities and Morgan in federal district court under theories of direct negligence and vicarious liability. Christopher Duntsch, the doctor who performed the two surgeries, had filed for bankruptcy protection and was not made a party to the suit.[4] The Passmores asserted that the outcome of the suit may affect the resolution of Duntsch's bankruptcy proceeding and thus that the district court had "related-to" bankruptcy jurisdiction pursuant to 28 U.S.C. § 1334(b).

On January 23, 2014, the defendants filed their answers, and the parties subsequently engaged in limited discovery. On June 17, 2014, 145 days after they had filed their answers, the defendants filed motions to dismiss, claiming

---

*McDaniel v. United States*, No. CIV. A. SA-04-CA-0314-, 2004 WL 2616305, at \*6-8 (W.D. Tex. Nov. 16, 2004); *Poindexter v. Bonsukan*, 145 F. Supp. 2d 800, 803-10 (E.D. Tex. 2001) (discussing predecessor to section 74.351), *with Privett v. United States*, No. 5:13-CV-79, 2014 WL 174596, at \*1-2 (E.D. Tex. Jan. 7, 2014) (applying section 74.351 without conducting an *Erie* analysis); *Prentice v. United States*, 980 F. Supp. 2d 748, 752 (N.D. Tex. 2013); *Cruz v. Chang*, 400 F. Supp. 2d 906, 911-15 (W.D. Tex. 2005) (holding that predecessor to section 74.351 did apply in federal cases).

[4] The bankruptcy proceeding in Duntsch's matter is still pending. *See In re Duntsch*, No. 1:13-bk-30510 (Bankr. D. Colo.).

4

No. 15-10358

that the Passmores failed to serve an expert report within 120 days after the defendants' answers and therefore failed to comply with section 74.351.

The Passmores objected to the application of section 74.351 in federal court, asserting that it directly collides with the Federal Rules of Civil Procedure, but the district court rejected their objection, held that section 74.351 is substantive state law that applies in federal court, and dismissed the suit with prejudice. This appeal followed.

## II

Before we reach the main issue on appeal, we must satisfy ourselves that that the district court had jurisdiction to decide the case and that this court has jurisdiction to consider the appeal. *See Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004) ("[F]ederal courts are duty-bound to examine the basis of subject matter jurisdiction sua sponte, even on appeal."). 28 U.S.C. § 1334(b) grants district courts jurisdiction to decide cases that are "related to" a case under Title 11 of the United States Code, i.e., cases "related to" bankruptcy. "A proceeding is 'related to' a bankruptcy if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Bass*, 171 F.3d 1016, 1022 (5th Cir. 1999) (citations and some internal quotation marks omitted).

The Passmores filed their lawsuit in federal district court, asserting that the court had "related-to" bankruptcy jurisdiction pursuant to 28 U.S.C. § 1334(b) because the outcome of their suit may affect the resolution of Duntsch's bankruptcy proceeding. Although the district court did not expressly address this issue, a finding that it had subject matter jurisdiction is implicit in its dismissal of the Passmores' suit based on Texas law. *See Cadle Co. v. Neubauer*, 562 F.3d 369, 371 (5th Cir. 2009) (district court's denial of motions to vacate was implicit finding of subject matter jurisdiction). This

5

finding is a legal determination that we review de novo. *See In re Canion*, 196 F.3d 579, 584 (5th Cir. 1999).

The Passmores did not explain in either their complaint or their briefs on appeal how the outcome of their suit may affect the resolution of Duntsch's bankruptcy proceeding. However, if the Passmores ultimately prevailed in their suit, on a theory of either direct negligence or vicarious liability, the defendants may have contribution or indemnity claims against Duntsch under Texas law. *See In re Martin*, 147 S.W.3d 453, 459 (Tex. App. 2004) (liable defendant may bring post-judgment contribution claim against joint tortfeasor that was not party to the primary lawsuit); *St. Anthony's Hosp. v. Whitfield*, 946 S.W.2d 174, 177-78 (Tex. App. 1997) (vicariously liable principal may bring indemnity action against tortfeasor agent). Thus, the outcome of the Passmores' lawsuit could conceivably have an effect on Duntsch's estate, and the action is therefore sufficiently "related to" bankruptcy to provide both the district court and this court with subject matter jurisdiction. *See* 28 U.S.C. § 1334(b); *Bass*, 171 F.3d at 1022.

## III

We turn now to the primary issue on appeal: whether section 74.351 applies in federal court. We review a district court's decision on the application of state law in federal court de novo. *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 395 (5th Cir. 2003). A federal court entertaining state law claims cannot apply a state law or rule if (1) the state law or rule "direct[ly] colli[des]" with a Federal Rule of Civil Procedure and (2) the Federal Rule "represents a valid exercise of Congress' rulemaking authority." *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 4-5 (1987).

## A

A state law directly collides with a Federal Rule if it provides a different answer to the question in dispute. *See Shady Grove Orthopedic Assocs., P.A.*

*v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) (majority opinion) (citing *Burlington*, 480 U.S. at 4-5). Here, the question in dispute is whether the Passmores' failure to serve an expert report within 120 days of the defendants' answers mandates the dismissal of their suit. Federal Rules of Civil Procedure 26 and 37 provide an answer to this question.

Rule 26(a) governs pretrial disclosures and discovery, including the disclosure of expert reports, and it provides that parties must generally disclose required expert reports "at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). Clearly, Rule 26 does not require plaintiffs to serve expert reports on defendants within 120 days of the defendants' answers as section 74.351 would require.

Rule 37(c) provides the consequences for a party's failure to comply with Rule 26(a) requirements. In addition to other available sanctions, Rule 37(c) permits federal courts to dismiss a non-complying plaintiff's action. FED. R. CIV. P. 37(b)(2)(A)(v), (c)(1). Thus, Rule 37 grants federal courts broad discretion in deciding whether to dismiss the action of a plaintiff who fails to comply with disclosure and discovery requirements. *See Moore v. CITGO Ref. & Chems. Co., L.P.*, 735 F.3d 309, 315 (5th Cir. 2013). By contrast, section 74.351(b) mandates the dismissal of a non-complying plaintiff upon a defendant's motion; it therefore conflicts with Rule 37's discretionary sanctions scheme. *See Burlington*, 480 U.S. at 7-8 (where a federal law's "discretionary mode of operation" conflicts with a nondiscretionary provision of state law, federal law applies).

Thus, under Rules 26 and 37, the Passmores need not have served an expert report within 120 days of the defendants' answers and, in any case, their failure to do so would not have resulted in mandatory dismissal of their suit. The combined operation of Rules 26 and 37 therefore answers the disputed

question differently than section 74.351 does.  Section 74.351 therefore directly collides with these Federal Rules.

In challenging this conclusion, the defendants argue that section 74.351 differs from Rules 26 and 37 in its purpose and scope.  As to the purpose of the Texas statute, the defendants assert that it is meant to ensure that only meritorious lawsuits proceed, unlike the Federal Rules, which serve to regulate discovery.  As to section 74.351's scope, the defendants point out that Rules 26 and 37 govern all cases generally and that Rule 26 requires disclosure of expert reports containing a "complete statement of all opinions to be expressed," FED. R. CIV. P.  26(a)(2)(B)(i), whereas the Texas statute governs only health care liability cases and requires only an expert report discussing a single theory of liability,  *Potts*, 392 S.W.3d at 630.

To preclude the application of a state law, however, the relevant Federal Rule need not be identical in purpose or scope.  Rather, the inquiry is whether the scope of the Federal Rule is "sufficiently broad . . . to control the issue before the court," *Burlington*, 480 U.S. at 4-5 (citation and internal quotation marks omitted), such that it "answer[s] the same question" as the state law, *Shady Grove*, 559 U.S. at 399.  As explained above, the Texas statute answers the same question as Rules 26 and 37: whether a plaintiff's failure to serve an expert report within 120 days of the defendant's answer mandates the dismissal of the action.  Section 74.351 therefore cannot be applied in federal court.  *Cf. id.* at 400-401 (rejecting the argument that a New York law concerned a subject separate from the subject of Rule 23, because they both answered the disputed question of whether a given class action may proceed).

Moreover, section 74.351 undeniably regulates discovery, contrary to the defendants' attempt to portray the Texas statute as completely divorced from such issues.  As noted above, one of the functions of a section 74.351 expert report is to "inform the defendant of the specific conduct the plaintiff has called

into question." *Potts*, 392 S.W.3d at 630 (citation and internal quotation marks omitted). In that respect, the Texas statute serves a similar function to that of Rule 26. *See Sheek v. Asia Badger, Inc.*, 235 F.3d 687, 693-94 (1st Cir. 2000) (noting that Rule 26 expert testimony disclosure requirements promote "the broader purpose of discovery, which is the narrowing of issues and the elimination of surprise") (citation and internal quotation marks omitted)). Importantly, section 74.351 provides for a mandatory stay of most discovery until the plaintiff has filed the requisite expert report. § 74.351(s), (u). As one district court noted, "[t]his aspect of the statute is in direct and unambiguous conflict with the [F]ederal [R]ules, which plainly tie the opening of discovery to the timing of the Rule 26(f) conference." *Garza v. Scott & White Mem'l Hosp.*, 234 F.R.D. 617, 623 (W.D. Tex. 2005); *accord* FED. R. CIV. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."). And, although section 74.351 generally prohibits the parties from using expert reports produced pursuant to this statute at trial, *see* § 74.351(k), the parties are free to use these reports at trial once the plaintiff uses them in any substantive way, *see* § 74.351(t); *Spectrum Healthcare Res., Inc. v. McDaniel*, 306 S.W.3d 249, 254 (Tex. 2010).

If applied in federal court, section 74.351 would therefore significantly interfere with federal control of discovery, an area governed exclusively by federal law. *See Univ. of Tex. at Austin v. Vratil*, 96 F.3d 1337, 1340 n.3 (10th Cir. 1996) ("[D]iscovery is a procedural matter, which is governed [in federal court] by the Federal Rules of Civil Procedure.") (citation and internal quotation marks omitted); *Dixon v. 80 Pine St. Corp.*, 516 F.2d 1278, 1280 (2d Cir. 1975) (discovery procedure is governed by federal law); *see also* 8 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2005 (4th ed.) (except for matters of privilege and Rule 69 discovery in aid of execution, it is "wholly settled that discovery in a federal court is governed only by [the

No. 15-10358

Federal Rules of Civil Procedure] and that state discovery practices are irrelevant").

In a final attempt to defend section 74.351's application in federal court, the defendants point to "certificate-of-merit" and "affidavit-of-merit" cases. These cases involved state laws requiring that a plaintiff's complaint be accompanied by an affidavit or certificate in which an attorney or an expert witness states that the claim meets certain threshold requirements relating to the defendant's alleged wrongdoing and the strength of the allegations. In the cases cited by the defendants, courts have held that state law certificate- and affidavit-of-merit requirements applied in federal courts.[5]

However, these cases are plainly distinguishable from the instant case. Section 74.351's expert report rule is a special post-filing requirement. Yet, the cases cited by the defendants all deal with pre-suit requirements. Unlike section 74.351, the state laws involved in those cases did not affect discovery and therefore did not implicate Rules 26 and 37. Section 74.351's regulation of discovery and discovery-related sanctions sets it apart from the pre-suit requirements in the cases cited by the defendants and brings it into direct collision with Rules 26 and 37. The Texas statute therefore cannot apply in federal court unless Rules 26 and 37 exceed Congress' rulemaking authority. We turn briefly to that question.

**B**

A Federal Rule is invalid if it exceeds either constitutional constraints or the constraints of the Rules Enabling Act, 28 U.S.C. § 2072. *See Burlington*, 480 U.S. at 5. A Rule is constitutionally valid if it is regulates matters that

---

[5] *See, e.g., Hahn v. Walsh*, 762 F.3d 617, 629 (7th Cir. 2014) (Illinois affidavit-of-merit requirement does not conflict with Federal Rules 8 and 11); *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011) (Pennsylvania affidavit-of-merit statute applied in federal courts).

"are rationally capable of classification" as procedural. *Hanna v. Plumer*, 380 U.S. 460, 472 (1965). And, a Rule is valid under the Rules Enabling Act if it "really regulates procedure,—the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them." *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14 (1941).

Rules 26 and 37 regulate discovery, a matter that is certainly capable of classification as procedural. These Rules therefore satisfy the constitutional standard. As to whether these Rules "really regulate[ ] procedure," *id.* at 14, in *Shady Grove*, the Supreme Court indicated that rules governing pretrial discovery are procedural, *see* 559 U.S. at 404 (majority opinion) (rules governing pretrial discovery are rules "addressed to procedure"); *accord Houben v. Telular Corp.*, 309 F.3d 1028, 1033 (7th Cir. 2002) (Rules 26-37 are "obvious rules of procedure"). It therefore follows that Rules 26 and 37 are valid under the Rules Enabling Act. *Cf. Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1337 (D.C. Cir. 2015) (relying on *Shady Grove* to hold that Rules 12 and 56 are valid under the Rules Enabling Act).

In sum, section 74.351 answers the same question as Rules 26 and 37, and these Rules represent a valid exercise of Congress' rulemaking authority. Accordingly, a federal court entertaining state law claims may not apply section 74.351.

## IV

For these reasons, we REVERSE the district court's judgment dismissing the Passmores' action and REMAND for further proceedings.