**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 02-30149
Summary Calendar
_____

HARTFORD INSURANCE GROUP,

Plaintiff-Appellant,

versus

LOU-CON INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Eastern District of Louisiana
_____

June 21, 2002

Before DAVIS, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant The Hartford Insurance Group d/b/a Pacific Insurance Company (Hartford) appeals the district court's dismissal of its action for declaratory judgment against Defendant-Appellee Lou-Con, Inc. (Lou-Con). After reviewing the record and the arguments of counsel, we affirm the judgment of the district court.

I.

In September 1998, Murphy Oil USA, Inc. (Murphy Oil), a client of Lou-Con, was sued by a number of its employees for damages resulting from asbestos exposure. Lou-Con performed work at Murphy Oil's refinery in Meraux, Louisiana during the time period alleged

in the complaint, and several current and former Lou-Con employees joined the suit as plaintiffs. Pursuant to certain alleged contractual agreements between Murphy Oil and Lou-Con, Murphy Oil demanded that Lou-Con defend and indemnify it for the Lou-Con employees' claims.

The complaint against Murphy Oil seeks damages for asbestos exposure spanning back more than 30 years, and six separate insurance companies provided coverage to Lou-Con throughout this period. During the relevant time frame, Hartford had issued Lou-Con two $1 million general liability insurance policies and two $5 million umbrella liability insurance policies which provided continuous coverage from May 1996 until May 1998. On August 12, 2001, Lou-Con demanded that Hartford provide defense and indemnity for the asbestos claims that arose during the policy terms, but Hartford denied its request.

On September 13, 2001, Lou-Con filed suit for declaratory judgment in Louisiana state court, seeking a declaration that all of its insurers, including Hartford, must defend and indemnify it in the asbestos litigation. Lou-Con later dismissed this action without prejudice. Shortly before Lou-Con dismissed its petition for declaratory judgment, Murphy Oil sued Lou-Con in Louisiana state court asserting breach of contract claims and demanding defense and indemnity in the asbestos suit. Lou-Con has since named Hartford as a third party defendant in the state court action.

In December 2001, Hartford filed the instant petition for a declaration that it has no duty to defend or indemnify Lou-Con or Murphy Oil in the asbestos litigation. The district court dismissed the case for lack of federal subject matter jurisdiction, finding that a sufficient amount in controversy did not exist. Hartford appeals the district court's judgment.

## II.

We review dismissals for lack of subject matter jurisdiction de novo, applying the same standard as that applied by the district court. *See* St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1252 (5th Cir. 1998). As the party invoking federal diversity jurisdiction, Hartford bears the burden of establishing the amount in controversy by a preponderance of the evidence. *See* id. In considering whether Hartford has met this burden, we must first examine the complaint to determine whether it is facially apparent that the claims exceed the jurisdictional amount. *See* id. If the amount in controversy is not apparent, we may then rely on "summary judgment" type evidence. Id. In examining such evidence, "the jurisdictional facts must be judged as of the time the complaint is filed . . . ." Id.

## III.

28 U.S.C. § 1332 confers federal diversity jurisdiction on civil actions where the matter in controversy exceeds the sum or value of $75,000.00. In an action for declaratory relief, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983). In the instant lawsuit, Hartford seeks declaratory judgment regarding the insurance coverage it may owe to Lou-Con.

The parties disagree on the value of the right that Hartford seeks to protect. Hartford asserts that it filed the instant suit to protect itself from liability up to the limits of its general liability insurance policy. Accordingly, it claims that the amount in controversy is concurrent with the policy limits, or $1 million. Lou-Con denies that it seeks to recover the policy limits and contends that the amount in controversy should be based on the actual value of the underlying claim. The district court agreed with Lou-Con, found that the actual claim did not exceed $75,000.00, and held that the amount in controversy did not exist.

Since Hartford's petition neither sets forth the policy limits nor gives any indication of the amount in controversy, the district court based its determination of the jurisdictional amount on the information in Lou-Con's demand letter, which sought a total of $261.42 from Hartford for defense costs in connection with the claim of former Lou-Con employee Columbus Tullos (Tullos). Tullos, who worked for Lou-Con from 1970 to 1997, is the only known

4

plaintiff whose claims may be covered by Hartford's policies that were in effect from 1996 to 1998. The amount Lou-Con seeks from Hartford for Tullos' claim comprises less than 1 percent of the $30,056.00 in total defense costs that Lou-Con seeks from all its insurers. Even taking into consideration the possible statutory penalties and attorney's fees and the chance that Hartford may ultimately be liable for 1 percent of the damages in the underlying asbestos litigation, the district court did not find that Hartford established by a preponderance of the evidence that this single claim gives rise to an amount in controversy that meets the jurisdictional threshold. Hartford now contends that the district court erred by failing to automatically set the amount in controversy at the policy limits.

To restate the issue, the question on appeal is whether, in a declaratory judgment action concerning the applicability of an insurance policy to a particular occurrence, the amount in controversy is to be measured by the policy limits or by the value of the underlying claim. Hartford asks us to begin our analysis with C.E. Carnes & Co. v. Employers' Liab. Assur. Corp., Ltd., 101 F.2d 739 (5th Cir. 1939), in which the plaintiff insurer sought declaratory judgment that its automotive liability policy over the insured's truck did not extend to the hauling and unloading of butane gas. In determining the amount in controversy, the court held that the "amount involved is not, as appellants contend, what individual defendants claim by way of damages. . . . The amount in

controversy is the value of that which is sought to have declared free from doubt– the policy for $25,000." We do not read this case, as Hartford urges, to announce a rule that the policy limits determine the amount in controversy. Carnes simply held that numerous individual claims against an insurer may be aggregated to reach the policy limit.

Carnes has also been cited for the proposition that when a claim exceeds the policy limits, the policy limits, rather than the larger value of the claim, determine the amount in controversy. In other words, if an insurance policy limits the insurer's liability to a sum below the jurisdictional threshold, the fact that a claimant wants more money does not increase the amount in controversy. *See* Payne v. State Farm Mut. Auto. Ins. Co., 266 F.3d 63, 65 (5th Cir. 1959) (holding that the jurisdictional amount was controlled by limitation of liability in policy and not by the larger amount of damages). In the instant case, although Hartford's policy limit is $1 million, Lou-Con seeks a much smaller amount of damages. Since we are not faced with the possibility that the claims will likely exceed the policy limits, we do not find that Carnes and its progeny are dispositive.

We recognize that under certain circumstances the policy limits will establish the amount in controversy. Specifically, the policy limits are controlling "in a declaratory action . . . as to the validity of the entire contract between the parties." 14B

6

CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3D § 3710 (3d ed. 1998); *see also* Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547 (5th Cir. 1961) (holding that when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy). However, in declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, "the jurisdictional amount in controversy is measured by the value of the underlying claim- not the face amount of the policy." 14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3D § 3710 (3d ed. 1998). We find that the instant case falls into the latter category. Hartford seeks a judicial declaration that its policy does not extend to Lou-Con employees who sustained asbestos-related injuries while working for Murphy Oil. It is not seeking to void the entire insurance contract. Accordingly, the district court properly measured the jurisdictional amount in controversy by the value of the underlying claim.

The most recent case in the Fifth Circuit to address the amount in controversy in a declaratory judgment action involving insurance coverage is St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d at 1250. The plaintiff insurance company in Greenberg sought a declaration of liability arising from its denial of the insured's claim under his homeowner's policy for loss suffered when

7

his home was destroyed by arson. We stated that the amount in controversy in an action for declaratory judgment is "the value of the right to be protected or the extent of the injury to be prevented." Id. at 1253. We further explained that, when an insurer seeks a declaratory judgment regarding the coverage provided by an insurance policy, the "value of the right to be protected" is the "plaintiff's potential liability under the policy," plus potential attorneys' fees, penalties, statutory damages and punitive damages. Id. at 1253 (quotations omitted). Hartford points out that Greenberg held the insurer's potential liability to be equal to the $35,000.00 policy limit. However, we did not automatically set the amount in controversy at that amount. Rather, we recognized that Greenberg actually sought to recover the policy limit. Accordingly, we allowed $35,000.00, attorney's fees, and 18 percent per annum statutory damages to be taken into account for purposes of determining the amount in controversy.

Unlike the insurer in Greenberg which established that it faced a good faith claim up to its policy limits, Hartford has provided no evidence that its potential liability is anywhere near the $1 million limit of its general liability policy. The only evidence available is (1) that Lou-Con seeks $261.42 in defense costs from Hartford and (2) that Tullos may be covered by Hartford's policy for less than two of the twenty-seven years during which he worked for Lou-Con and allegedly suffered asbestos-related injury. Based on this information, we cannot conclude that

8

Hartford's potential liability will meet the jurisdictional threshold.

IV.

Since Hartford has failed to establish a sufficient amount in controversy by a preponderance of the evidence, we find that the district court properly dismissed its petition for lack of subject matter jurisdiction. Accordingly, the judgment of the district court is affirmed.

AFFIRMED.