United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 16, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-11252

NATIONWIDE MUTUAL INSURANCE CO.,

Plaintiff — Counter Defendant — Appellee,

versus

DAVID HENRY HAFFLEY, ET AL.,

Defendants,

JUDY MAE CHANEY,

Defendant — Counter Claimant — Cross Claimant — Appellant,

versus

MARY LOU HAFFLEY; ESTATE OF DAVID HENRY HAFFLEY,

Cross Defendants — Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas, Dallas
3:00-CV-628-L
--------------------

Before REAVLEY, HIGGINBOTHAM and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Appellee Nationwide Mutual Insurance Company ("Nationwide") initiated the present suit as a declaratory judgment action, seeking a determination of its rights, duties and obligations with respect to a state court judgment entered in favor of Appellant Judy Mae Chaney ("Chaney") against Nationwide's insured, David Henry Haffley ("Haffley"). Chaney appeals from the district court's judgment granting Nationwide's motion for summary judgment and dismissing her counterclaims with prejudice.

The underlying state court action arose from an automobile accident. Haffley rear-ended his vehicle into another causing a multi-vehicle accident that resulted in five people sustaining personal injuries, including Chaney. Nationwide insured Haffley at the time of the accident under a policy that provided up to a total aggregate limit of $100,000 in bodily injury coverage for each accident. Nationwide settled all of the personal injury claims asserted against Haffley as a result of the accident, with the exception of Chaney's, for a total sum of $68,000. Chaney sought to settle for the balance remaining under the policy limits. Nationwide and Chaney did not settle. Chaney then filed suit in state court and the jury returned a verdict in favor of Chaney. After the verdict was rendered and prior to the entry of final judgment, Haffley and his wife executed a release of any and all potential claims they may have had against Nationwide with respect to the handling of Chaney's claims in exchange for $50,000. The state court subsequently issued judgment for Chaney far in excess of the policy limits. In exchange for $25,000 additional consideration, the Haffleys executed an addendum to the release, which gave Nationwide sole discretion to appeal the judgment entered against Haffley. Nationwide then tendered checks to Chaney for the unexhausted portion of Haffley's policy plus interest and initiated the present declaratory judgment action. Chaney asserted a number of claims against Haffley and Nationwide. The district court rejected Chaney's claims and granted summary

2

judgment for Nationwide. Chaney timely appealed.

After reviewing the record and the briefs submitted by the parties, we find no error in the district court's dismissal of Chaney's claims. In doing so, we note the following:

S There is no *Stowers* claim available to Chaney. Any potential *Stowers* claim belonged to Haffley, and such claim was never assigned to Chaney. Moreover, as the district court noted, any potential *Stowers* claim would not be subject to turnover because Haffley never attempted to assert it. Indeed, Haffley released any potential *Stowers* claim.

S The only claim that Chaney might bring directly against Nationwide is a claim for the balance remaining under the policy limits as a third party beneficiary. As Nationwide has satisfied its obligations in this regard, however, Chaney has no further direct action against Nationwide.

S Chaney has no standing and has presented no evidence with respect to any claims that Haffley might have had against Nationwide even if they had not been settled. Certainly, she has no standing to claim that fraud was perpetrated against Haffley. With respect to any fraud or conspiracy directed at Chaney, these claims are wholly without merit.

In sum, Chaney has simply brought a myriad of claims to overcome the reality that although she secured a large judgment, she has no *Stowers* claim because it was not assigned to her by Haffley and, whether prudent or not, Haffley had the right to settle his claims with Nationwide.

Accordingly, the district court's judgment is AFFIRMED.

3