# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2023

Lyle W. Cayce
Clerk

———————

No. 22-20405

———————

Allstate Fire and Casualty Insurance Company,

*Plaintiff—Appellee*,

*versus*

Allison Love; Tammy Love,

*Defendants—Appellants*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-22

———————————————————————

Before Higginbotham, Graves, and Douglas, *Circuit Judges*.
Dana M. Douglas, *Circuit Judge*:

The issue on appeal is whether, in an action seeking declaratory relief, the amount of an insurance policy or the underlying claim determines the amount in controversy to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). We hold that where there is a legal possibility that an insurance company may be liable for an amount in excess of its policy limit, the underlying claim determines the amount in controversy. Therefore, we AFFIRM the district court's determination that it had subject matter jurisdiction.

No. 22-20405

## I. Background

This dispute began in 2016 when Allison and Tammy Love sued Jonathan Perez in state court for damages stemming from an automobile accident. Perez fled the scene of the accident, was criminally charged for failing to provide his name, address, and insurance information, and pleaded *nolo contendere* to a criminal misdemeanor. Perez was insured by Allstate Fire & Casualty Insurance Company ("Allstate" herein). Allstate paid the Loves' claims for property damages, but the Loves rejected Allstate's offers to resolve their physical injury claims, demanding the policy limit of $50,000.

As the claims progressed, Perez failed to cooperate with Allstate in pursuing the litigation. His failure to respond to written discovery and to appear at his deposition resulted in the court barring Allstate's counsel from representing Perez and striking all pleadings that counsel had filed on Perez's behalf. Ultimately, the trial court entered a final default judgment against Perez awarding Allison Love $100,000 in actual damages and $50,000 in exemplary damages and awarding Tammy Love $13,822 in actual damages for the past medical expenses of Allison Love while a minor.

The state court default judgment prompted Allstate to file suit in federal district court requesting a declaration that it had no duty to indemnify the Loves for the damages awarded in the underlying state lawsuit. Invoking diversity jurisdiction, Allstate's complaint claims:

> The default Final Judgment entered in the pending state court lawsuit against Mr. Perez awards Allison Love $100,000 in actual damages and an additional $50,000 for exemplary damages and further awards Tammy Love the sum of $13,822. Thus, the total award in the default Final Judgment is $163,822. Allison and Tammy Love, through counsel, have asserted that Allstate must pay this entire amount based on two purported prior *Stowers* demands and the absence of prejudice caused by Mr. Perez's admitted failure to cooperate in his

No. 22-20405

defense. Moreover, the aggregate liability limit under Mr. Perez's Allstate personal auto policy is $100,000. Courts consider such damages and policy limits when determining whether the "amount in controversy" diversity requirement is satisfied.

In Texas, the *Stowers* doctrine may subject an insurer to liability for the entire amount of a judgment, including the part exceeding the insured's policy limits. "The common law imposes a duty on liability insurers to settle third-party claims against their insureds when reasonably prudent to do so." *Phillips v. Bramlett*, 288 S.W.3d 876, 879 (Tex. 2009) (citing *G.A. Stowers Furniture Co. v. Am. Indem. Co.*, 15 S.W.2d 544 (Tex. 1929)).

Here, no party disputes that Allstate and the Loves are completely diverse, as Allstate is a citizen of Illinois, and the Loves are citizens of Texas. Instead, the sole issue on appeal is whether, in this action seeking declaratory relief, the amount of the policy limit or the value of the underlying claim should be assessed in determining whether the amount in controversy exceeds $75,000.[1]

The district court determined that it had subject matter jurisdiction over the lawsuit, denying the Loves' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). It subsequently granted summary judgment in favor of Allstate, finding that Perez's failure to cooperate in the underlying suit prejudiced Allstate and barred any legal obligation to pay the Loves the judgment amount of $163,822.

---

[1] The court does not consider the $50,000 per person limit to equate to a policy limit of $100,000 under the instant facts, thus satisfying the amount in controversy, where Allison Love was the only person to sustain injuries. Tammy Love was awarded past medical expenses for Allison Love while she was a minor. Thus, the *aggregate* policy limit, representing two individuals, is inapplicable for establishing the amount in controversy.

No. 22-20405

## II. Parties' Contentions

The Loves claim that the district court erroneously held that the amount of the state court judgment, rather than the applicable policy limits, determined the amount in controversy.  The Loves argue that any potential *Stowers* claims were unasserted by them and unassigned by Perez, who was not made a party in the initial complaint, and cannot be aggregated with the applicable policy limits to meet the minimum amount in controversy for jurisdiction.  Finally, the Loves urge that any subsequent amendment to Allstate's complaint adding Perez as a defendant did not create jurisdiction and was a nullity, where the record does not indicate Perez was validly served.

Allstate argues that the amount in controversy far exceeds $75,000 because it was exposed to liability for the $163,822 state court judgment entered against its insured due to the Loves' two *Stowers* demand letters.  Allstate claims that policy limits do not control the amount in controversy in insurance cases such as this one.  Alternatively, Allstate argues that its amendment to include Perez as a defendant, which was properly served, squarely put the potential *Stowers* claim before the district court in satisfaction of the amount in controversy.

## III. Discussion

We review the district court's legal determination that it possessed subject matter jurisdiction *de novo*.  *Passmore v. Baylor Health Care Sys.*, 823 F.3d 292, 295-96 (5th Cir. 2016).  The court need not reach all the arguments raised by the Loves because it is apparent from the face of the complaint that the amount in controversy is satisfied here.

Title 28 U.S.C. § 1332(a) confers federal diversity jurisdiction on civil actions where the matter in controversy exceeds the sum or value of $75,000. As the party invoking federal diversity jurisdiction, Allstate bears the burden

4

of establishing the amount in controversy by a preponderance of the evidence. *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). In determining whether Allstate has met its burden, we must first examine the complaint to determine whether it is facially apparent that the claims exceed the jurisdictional amount. *See id.* If the amount in controversy is not apparent, we may rely on "summary judgment" type evidence. *Id.*

Allstate's complaint seeks a judicial declaration that it has no duty to indemnify the Loves for the damages awarded to them in the default final judgment entered against Perez by the state court. In actions for declaratory judgment, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977); *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019). In other words, the amount in controversy in such actions "is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reins. Co.*, 134 F.3d at 1252-53 (citation omitted).

The parties assert that *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908 (5th Cir. 2002), is the controlling Fifth Circuit case on this matter. We agree. In *Hartford*, this circuit squarely addressed the question of "whether, in a declaratory judgment action concerning the applicability of an insurance policy to a particular occurrence, the amount in controversy is to be measured by the policy limits or by the value of the underlying claim." *Id.* at 910.

*Hartford* is cited by district courts throughout our circuit for the proposition that "[w]hen a plaintiff seeks to recover payments under an insurance policy, the amount in controversy, for purposes of establishing diversity jurisdiction, is governed by the lesser of the value of the claim under the policy or the value of the policy limit." *See, e.g.*, *Henderson v. Allstate Fire & Cas. Ins. Co.*, 154 F. Supp. 3d 428, 431 (E.D. La. 2015); *Mabry v. Gov. Emp.*

*Ins. Co.*, 268 F. Supp. 3d 885, 890 (N.D. Miss. 2017); *Martinez v. Allstate Fire & Cas. Ins. Co.*, No. 5:20-cv-74, 2020 WL 10063135, at *3 (W.D. Tex. June 11, 2020); *Wahlenmaier v. Allstate Indemnity Co.*, No. 3:20-cv-0704, 2020 WL 2841381, at *1 (N.D. Tex. May 29, 2020). The Loves arguments are drawn from the proliferation of this holding that in a declaratory judgment action, the policy limit establishes the amount in controversy if the underlying state court judgment exceeds that amount. But this proposition is premised on an oversimplification of our caselaw perpetuated by numerous district courts throughout our circuit. Thus, we seek to clarify herein.

*Hartford* involved an insurance company filing suit for declaratory judgment "that it ha[d] no duty to defend or indemnify Lou-Con or Murphy Oil in the asbestos litigation." *Hartford*, 293 F.3d at 909. The district court dismissed the case for lack of subject matter jurisdiction, finding an insufficient amount in controversy. *Id.* at 909-10. Hartford had issued Lou-Con two $1 million general liability insurance policies and two $5 million umbrella liability insurance policies. *Id.* at 909. But the amount that Lou-Con sought from Hartford represented only about $261.42. *Id.* at 910. The district court found that the amount of Lou-Con's claim against Hartford — $261.42 — established the amount in controversy and did not reach the necessary $75,000. *Id.* We affirmed. *Id.* at 912.

The panel in *Hartford* provided a nuanced discussion on when the policy limit versus the value of the underlying claim controls a matter:

> We recognize that under certain circumstances the policy limits will establish the amount in controversy. Specifically, *the policy limits are controlling* "in a declaratory action … *as to the validity of the entire contract* between the parties." 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE: Jurisdiction 3D § 3710 (3d ed. 1998); *see also Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547 (5th Cir. 1961) (holding that when the validity of a

> contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy). However, in declaratory judgment cases that involve the *applicability of an insurance policy to a particular occurrence*, "the jurisdictional amount in controversy is measured by the *value of the underlying claim* – not the face amount of the policy." 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 3D § 3710 (3d ed. 1998).

*Id.* at 911 (emphasis added). It concluded that Hartford's case fell into the latter category — "Hartford seeks a judicial declaration that its policy does not extend to Lou-Con employees who sustained asbestos-related injuries while working for Murphy Oil." *Id.* And importantly, "[i]t is *not* seeking to void the entire insurance contract." *Id.* (emphasis added). Accordingly, the jurisdictional amount in controversy was properly measured by the value of the underlying claim. *Id.*; *see also C.E. Carnes & Co. v. Employers' Liab. Assur. Corp., Ltd. of London, Eng.*, 101 F.2d 739, 741 (5th Cir. 1939) ("The amount in controversy is the value of that which is sought to have declared free from doubt."). The court held that "in declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim — not the face amount of the policy." *Hartford*, 293 F.3d at 911.

The court in *Hartford* did *not* hold that in determining the amount in controversy, the jurisdictional amount is governed by the lesser of the value of the claim under the policy or the value of the policy limit. In fact, it expressly rejected this rule, pointing to *C.E. Carnes & Co. v. Employers' Liab. Assur. Corp., Ltd. Of London, Eng.*, 101 F.2d 739 (5th Cir. 1939):

> *Carnes* has also been cited for the proposition that when a claim *exceeds* the policy limits, the policy limits, rather than the larger

value of the claim, determine the amount in controversy. In other words, if an insurance policy limits the insurer's liability to a sum below the jurisdictional threshold, the fact that a claimant wants more money does not increase the amount in controversy.

*Id.* at 911. The court stated, "*[we] do not read [Carnes] … to announce a rule that the policy limits determine the amount in controversy.*" *Id.* (emphasis added).[2]

Here, the circumstances are like those in *Hartford*. Allstate does not seek to void the entire insurance contract — it is seeking a judicial declaration that its policy does not extend to the damages awarded to the Loves by the state court. This seemingly ends our inquiry. But in *Hartford* the court indicated that it was not faced with the "possibility that the claims will likely exceed the policy limits." 293 F.3d at 911. Unlike *Hartford*, we are confronted with a case where the amount sought is in excess of the policy limit. Thus, the determination of the applicable amount in controversy continues beyond *Hartford*'s holding.

*Hartford* and the Loves cite *Payne v. State Farm Mut. Auto. Ins. Co.*, 266 F.2d 63 (5th Cir. 1959), for the proposition that "the fact that a claimant wants more money does not increase the amount in controversy" beyond the policy limit. *Hartford*, 293 F.3d at 911. In *Payne*, this court stated, "[i]f there is one situation where the amount of a claim can be determined with legal certainty, it is in a case when a claim is asserted on an insurance policy limiting liability." *Payne*, 266 F.2d at 64. The *Payne* court focused on the *legal impossibility* of the plaintiff recovering more than that which was

---

[2] Instead, the panel in *Hartford* stated, that *Carnes* "simply held that numerous individual claims against an insurer may be aggregated to reach the policy limit." *Hartford*, 293 F.3d at 911.

available under the policy.  *See id.*  But in some circumstances, a recovery in excess of the policy limit may be available.  This case represents one of those circumstances.

Here, it is a legal possibility that Allstate may be liable for more than the policy limit.  As noted, the *Stowers* doctrine may subject an insurer to liability for the entire amount of a judgment, including the part exceeding the insured's policy limits.  For liability to arise, "there must be coverage for the third-party's claim, a settlement demand within policy limits, and reasonable terms 'such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment." *Phillips*, 288 S.W.3d at 879 (quoting *Am. Physicians Ins. Exch. v. Garcia*, 876 S.W.2d 842, 849 (Tex. 1994)).  "When these conditions coincide and the insurer's negligent failure to settle results in an excess judgment against the insured, the insurer is liable under the *Stowers* doctrine for the entire amount of the judgment, *including the part exceeding the insured's policy limits.*" *Id.* (citing *G.A. Stowers Furniture Co.*, 15 S.W.2d at 548) (emphasis added).

Here, Allstate pointed to the Loves' *Stowers* demands in the complaint invoking diversity jurisdiction.  It also presented evidence that it was in danger of potential liability for the full amount of the state court judgment.  It thus demonstrated to the district court by a preponderance of the evidence that it was *legally possible* for it to be held liable for more than the policy limit of $50,000 per person and become liable to the Loves for the full amount of the state court judgment.  Accordingly, Allstate adequately alleged diversity jurisdiction, and the district court had subject matter jurisdiction over the dispute.

The Loves argue that a *Stowers* claim for the amount of a judgment in excess of policy limits belongs solely to the insured and that an injured party

No. 22-20405

has no standing to assert an unassigned *Stowers* claim directly against an insurer. But this is not unequivocally true. Although it is true that the insured generally owns a *Stowers* claim, a third-party beneficiary may pursue such a claim by turnover.[3] *See Goggans v. Ford*, No. 05-15-00052, 2016 WL 2765033, at *2-3 (Tex. App. — Dallas 2016, pet. denied); *D & M Marine*, 409 S.W.3d at 858 (turnover did not violate public policy where there was no evidence insured did not want to be indemnified). Because this presents a legal possibility, it does not "appear to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Reins. Co.*, 134 F.3d at 1253 (quotation omitted).

Based on this analysis, the proposition that the amount in controversy is governed by the lesser of the value of the claim under the policy or the value of the policy limit is not dispositive. Instead, we hold that where the claim

_____

[3] Notably, "an insured's cause of action against its insurer for failure to settle is not subject to a turnover order when the insured is satisfied with its insurer's representation." *D & M Marine, Inc. v. Turner*, 409 S.W.3d 853, 857 (Tex. App.—Fort Worth 2013, no pet.) (citing *Charles v. Tamez*, 878 S.W.2d 201, 208 (Tex. App. — Corpus Christi-Edinburg 1994, writ denied)); *see also Nationwide Mut. Ins. Co. v. Chaney*, No. 3:00-cv-0628, 2002 WL 31178068, at *4 n. 5 (N.D. Tex. Sept. 30, 2002) (noting turnover to judgment creditor of failure-to-settle claim against insurer improper when insured — the judgment debtor — believed he was better off without settlement), *aff'd sub nom.*, *Nationwide Mut. Ins. Co. v. Haffley*, 78 F. App'x 348 (5th Cir. 2003) (unpublished) (per curiam). There is no evidence to suggest that Perez, the insured, thought he was better off without settlement such that a turnover would be inappropriate here.

The Loves argue vigorously that they have not asserted any *Stowers* demand. But the settlement demands they sent Allstate undermine these arguments. The record suggests that it is likely that the Loves would seek a turnover based on their letters to Allstate, specifically invoking the *Stowers* doctrine and noting "[o]ther liabilities and exposures may exist on account of the insurance company's refusal to timely investigate, negotiate, and settle this case." Moreover, Perez has not released any potential *Stowers* claim. *See Haffley*, 78 F. App'x at 350 (affirming district court judgment that the *Stowers* claim was not subject to turnover because the insured never attempted to assert it and "[i]ndeed, [the insured] released any potential *Stowers* claim").

No. 22-20405

under the policy exceeds the value of the policy limit, courts considering declaratory judgments should ask whether there is a legal possibility that the insurer could be subject to liability in excess of the policy limit.[4] The party seeking diversity jurisdiction should establish this possibility by a preponderance of the evidence. *See id.* at 1252.

AFFIRMED.

---

[4] This holding is supported by our prior precedents. In *De Aguilar v. Boeing Co.*, we held that the party seeking to avoid federal jurisdiction is required to prove that "it is *certain* that he will not be able to recover more than the damages for which he has prayed in the state court complaint." 47 F.3d 1404, 1411 (5th Cir. 1995), *superseded by amendment on other grounds*, Tex. R. Civ. P. 47 (emphasis added). This is so because the amount in controversy is "not proof of the amount the plaintiff will recover" but "an estimate of the amount that will be put at issue in the course of the litigation." *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1057 (5th Cir. 2022). Thus, the party seeking federal jurisdiction need only demonstrate a "probability that the matter in controversy exceeds the jurisdictional amount." *De Aguilar*, 47 F.3d at 1411.